752 S.E.2d 544

## Re DISPOSITION OF CASES IN GENERAL SESSIONS IN the THIRTEENTH JUDICIAL CIRCUIT.

Supreme Court of South Carolina.

Dec. 12, 2013.

### ORDER

JEAN H. TOAL, Chief Justice.

The Court directs that in each General Sessions case arising before the various Magistrates and Municipal Courts of the county, the following procedure is to be followed:

I. *Bond Hearing*

a. Within 72 hours, after being served with a warrant, a Defendant shall appear before a Magistrate for a bond hearing.

b. At this hearing, the Defendant shall be assigned a Bond Returnable Date approximately 60 days from the date of the bond hearing.

c. The Magistrate shall transmit the warrant to the Clerk of Court within 15 days as required by Rule 3(a) of the South Carolina Rules of Criminal Procedure.

d. The law enforcement officer responsible for the investigation resulting in the warrant(s) shall transmit the case file and all available discovery to the Solicitor's office no later than 60 days after service of the warrant(s).

II. *Track Assignment*

a. Once the Solicitor's office receives the warrants, cases will be automatically assigned to one of four specific tracks (12 month, 11 month, 10 month, 9 month) based on the CDR code of the most serious offense charged.

b. Deadlines are automatically assigned to a case once it has been placed on a track. Deadlines begin to run from the date that the warrant is filed with Clerk of Court's office.

    i. Offer letters are due no later than:

        1. 9 months on the 12 month track.

        2. 8 months on the 11 month track.

        3. 7 months on the 10 month track.

        4. 6 months on the 9 month track.

    ii. Guilty pleas must be entered by:

        1. 12 months on the 12 month track.

        2. 11 months on the 11 month track.

        3. 10 months on the 10 month track.

        4. 9 months on a 9 month track.

    iii. Case is placed on proposed trial docket:

        1. After 12 months on the 12 month track.

        2. After 11 months on the 11 month track.

3. After 10 months on the 10 month track.

4. After 9 months on the 9 month track.

c. The Court acknowledges that certain cases may take longer to prosecute and defend, and the Solicitor and the Defense counsel may extend plea negotiations for a period without order of Court. This does not infringe upon Defendant's right to move for a speedy trial or Solicitor's right to have case set for trial prior to the guilty plea deadline if negotiations have proven unsuccessful. After the time indicated in II b ii, plus a period of nine months has expired, the parties must seek leave of Court for any further extension.

III. *Bond Returnable Date*

a. Approximately 60 days from the initial bond hearing, a Defendant shall appear for a Bond Returnable Date assigned by the Magistrate and/or Municipal Judge at the initial bond hearing. This appearance will be presided over by the CJAP or a Judge designated by the CJAP for that purpose.

b. At this hearing, the Solicitor shall collect:

i. The Defendant's current mailing address.

ii. The Defendant's charges.

iii. The Defendant's Date of Birth.

iv. Attorney Information, if applicable.

c. If a Defendant has an attorney at this time, the defense attorney may notify the Solicitor's Office five days in advance of the bond returnable date to waive his client's appearance in court. If notice of waiver is not received by the Solicitor's office, the Defendant must appear but may leave with the instruction to make contact with his attorney.

d. If a Defendant does not have an attorney at this time, the presiding Judge shall order that he obtain an attorney within 60 days and inform the Defendant that if he does not have an attorney by that time, the State may proceed to trial regardless of whether or not he has an attorney. Said order is to be filed with the Clerk of Court.

## IV. *Bond Card*

a.  Prior to the plea offer deadline, the Solicitor shall issue a bond card summoning the Defendant during a Plea Court term.

b.  Defense attorneys shall notify their clients of specific court dates and shall communicate with the Solicitor's office as to when they want their clients bond carded for court.

c.  If a Defendant is pro se:

i.  The Solicitor shall utilize this date to communicate about scheduling with pro se Defendants who have not been in contact with the Solicitor since the Bond Returnable Date.

ii.  Pro se Defendants who are not yet under an order to obtain representation shall be placed under such an order at this time.

d.  If a Defendant is represented by counsel:

i.  Prior to this date, the Solicitor shall provide the Defendant's attorney with a plea offer and requisite discovery.

ii.  The Defendant's attorney may use this meeting as an opportunity to discuss the charges and any plea offer with his client if he has not had the opportunity to do so.

iii.  If the Defendant desires to plead guilty, he may do so on this day as long as all victims have been notified of the plea in advance.

## V. *Jail Cases*

a.  Jail cases shall be monitored with greater scrutiny than non-jail cases.

b.  Once a jail case passes the six month mark, the assigned Assistant Solicitor shall provide a status of the case and an expected disposition date to the Deputy Solicitor.

c.  Once a jail case passes the one year mark, the Solicitor shall place it on a designated spreadsheet or other case management tool for increased monitoring. This spreadsheet shall be provided on a monthly basis to the CJAP. These cases are to be reviewed every three to four months by the Deputy Solicitor. Again, the assigned Assistant

Solicitor must provide a status of the case and an expected disposition date.

d. Defendants in jail may be transported to the court house on designated days during non-court weeks to meet with their attorneys and to sign plea paperwork, if applicable.

i. The Solicitor shall deliver the appropriate paperwork to the holding cell/meeting rooms. This paperwork shall include a sentencing sheet, any restitution orders, and the advice of rights (if required) even if these items have already been provided to the Defendant. In its discretion, the Solicitor's office may include a guilty plea summary sheet.

ii. Although not every defense attorney chooses to participate in the jail sign-up, the Solicitor shall make reasonable efforts to encourage participation, including making Defendants/defense attorneys aware of the priority assigned to cases below.

e. Jail cases for transport shall be assigned the following priority:

i. *Trial:* Inmates whose case is on the trial docket or who will be testifying in court on the day in question.

ii. *Signed-up Time Served:* Inmates who have signed the necessary paperwork and will be released from jail upon entering a guilty plea (this category includes those Defendants receiving time served sentences followed by probation).

iii. *Jail Signed–Up:* Inmates who have signed the necessary paperwork regardless of the plea offer.

iv. *Time Served Offers:* Inmates who have not signed the necessary paperwork but will receive a time served recommendation once he enters a plea of guilty.

v. *Jail:* Any remaining cases.

VI. *Bench Warrants*

a. If a bench warrant is issued for a Defendant prior to the case being placed on a published trial docket, the case shall be assigned to a 120 day track upon his arrest on that bench warrant.

i. The Solicitor shall provide a plea offer by day 60.

ii.   Guilty pleas shall be due on day 120.

b.   If a Defendant has new charges in addition to the Bench Warrant charges, the Defendant shall be placed on a track which coincides with the newest charge(s).

c.   If the bench warrant is issued on a case on the trial docket, the case shall not automatically be placed on a new track.

VII.   *Bond Cases/Street Pleas*

a.   Defendants who are out on bond shall be issued a bond card summoning them to a Plea Court term

i.   If a Defendant remains unrepresented, the presiding judge shall place him under an order requiring him to obtain representation (if the Defendant is not already under such an order).

ii.   If a Defendant has previously been under an order to obtain an attorney and has failed to do so in the allotted time specified in the order, the Defendant shall be brought before the presiding judge to determine whether the Defendant's bond should be revoked.

iii.   If a Defendant is represented by counsel, the Defendant shall be excused.   This does not prevent the parties from seeking to reach a resolution of the case that day.

b.   Calling cases:

i.   Defendants who have already signed the necessary plea paperwork shall be designated "Priority Pleas" and given priority in the order of cases called before the judge each day.

ii.   Jail cases shall have priority over street/bond cases.

c.   Each case shall have a "Guilty Plea Summary Sheet" which contains all pertinent information.   This allows the plea to be handled by any Assistant Solicitor assigned to plea court that day.   The remaining Assistant Solicitors are then free to continue work on other cases.   This method allows for reduced congestion in the court room and decreases the requisite transition time between pleas.

VIII.   *Bonds and Motions*

a.   Bonds

i.   If a bond has not been set or if a Defendant has requested a bond reduction, a hearing shall be held via

video-conferencing on the next available Friday (or day designated by the CJAP) subsequent to the exhaustion of negotiations between the parties on the issue of bond (paperwork must be received by noon on Monday).

ii. After this hearing, a Defendant must file a "Change of Circumstances" motion with the CJAP in order to have the matter of bond revisited by a judge.

b. Motions

i. Motions filed by either the State or the Defense shall be heard on Fridays or any other designated time as approved by the CJAP;

ii. Once a motion is filed, with copies to opposing counsel and the CJAP, the CJAP shall determine if the motion shall be set for a hearing, and if so, shall set the motion on an upcoming docket.

iii. All motions (except those allowed to be made *ex parte*) must contain language certifying that moving counsel has discussed the motion with opposing counsel, and that the parties were unable to resolve the motion prior to filing.

IX. *Trials*

a. Once the track due date has expired, the Solicitor shall place a case on a proposed trial docket after consultation with defense counsel.

b. Upon placement on the trial docket, a case shall be set for a date certain. In proposing a date certain, the Solicitor shall consider:

i. The age of the case.

ii. Jail status of the Defendant.

iii. Availability of witnesses.

iv. Whether the defense attorney is scheduled for a plea day on that date.

v. Any other special circumstances.

c. The Solicitor's office shall provide the proposed trial docket to the CJAP and to defense counsel included on the docket.

d. The CJAP shall review and modify the docket as appropriate. Any objection to the date certain must be submitted in writing to the CJAP and prior to publication of the

docket. Nothing in this provision shall prohibit an attorney from moving for a continuance for good cause after publication.

e. When the CJAP gives final approval of the docket, the Solicitor's office shall publish the docket.

f. In Greenville County, the Solicitor's office shall publish the docket at least 30 days in advance of any trial date on the docket.

g. Once the docket has been approved by the CJAP, any continuance at the request of the State or the defense may be granted only by the CJAP if prior to the term of court or by the trial judge if during the term of court.

h. During the term of trial court, cases shall generally be called in the order published. Furthermore, the court shall oversee the calling of the cases and the most effective use of the presiding judges' court time. If the CJAP is a trial judge for that term, the CJAP shall make these decisions. If not, the first resident judge (or first non-resident judge if no resident judge is assigned) listed on the docket shall oversee the docket for the term of court.

/s/Jean H. Toal, C.J.
FOR THE COURT